IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                  Criminal Action No. 3:93CR125

MICHAEL JACKSON

## MEMORANDUM OPINION

The matter is before the Court on another motion seeking relief under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Motion (ECF No. 190) will be DENIED.

### I. Procedural History

By Memorandum Opinion and Order entered on July 2, 1999, the Court denied a 28 U.S.C. § 2255 motion from Michael Jackson. Thereafter, on July 20, 1999, the Court denied a motion for reconsideration from Jackson.[1] On June 7, 2013, the Court received a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) from Jackson (hereinafter, "Rule 60(b) Motion," ECF No. 175.) Jackson sought relief under Rule 60(b)(1) and 60(b)(6).[2] (Rule 60(b) Mot. 6.) In his Rule 60(b) Motion, Jackson noted that the Court rejected some of

---

[1] The Court's July 20, 1999 Order instructed the Clerk not to accept further filings from Jackson, except for a notice of appeal, without authorization from the Court. Nevertheless, in the wake of that order, the Court has authorized the Clerk to file numerous submissions by Jackson.

[2] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Jackson's ineffective assistance of counsel claims as "bald assertions of misconduct supported by no evidence." (*Id.* at 5.) Jackson asserted that the Court erred because it failed to give Jackson an opportunity to amend such claims or "to submit the documents that supported his claims." (*Id.* at 10.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). By Memorandum Opinion and Final Order entered on October 11, 2013, the Court denied Jackson's Rule 60(b) Motion, finding:

> Jackson's request for relief under Rule 60(b)(1) is clearly outside the one year limitation for such motion. Additionally, Jackson's request for relief under Rule 60(b)(6), filed over a decade after the 1999 judgment, was not filed within a reasonable time. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

(ECF No. 177, at 2.) The Court also denied Jackson a certificate of appealability. (*Id.* at 3.)

Jackson appealed. On July 29, 2014, the United States Court of Appeals for the Fourth Circuit denied Jackson a certificate of appealability and dismissed his appeal. *United States v. Jackson*, No. 14-6511, at 3 (4th Cir. July 29, 2014). Jackson's request for a certificate of appealability with respect to this dismissed appeal (ECF No. 186) will be DENIED AS MOOT.

2

## II. Jackson's Present Rule 60(b)(4) Motion

On October 23, 2014, Jackson filed the present motion seeking relief under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4) Motion"). That rule permits the Court to grant relief from a judgment on the ground that "the judgment is void." Fed. R. Civ. P. 60(b)(4). In support of his Rule 60(b)(4) Motion, Jackson challenges the dismissal of his § 2255 Motion on grounds nearly identical to that raised in his prior Rule 60(b) Motion. The Rule 60(b)(4) Motion, like the prior Rule 60(b) Motion, is untimely. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (citation omitted). Accordingly, the Rule 60(b)(4) Motion (ECF No. 190) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jackson fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Final Memorandum Opinion.

Date: 12/17/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

3